UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| LEMONTA MADDOX, | No. 2:22-cv-1545 AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| Y. LARA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order filed April 24, 2023, the undersigned screened the complaint and found that it did not state a claim for relief. ECF No. 7. Plaintiff was given an opportunity to file an amended complaint and has now filed a first amended complaint. ECF No. 10.

I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1    Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

2    theories' or whose 'factual contentions are clearly baseless.'"  <u>Jackson v. Arizona</u>, 885 F.2d 639,

3    640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as</u>

4    <u>stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

5    constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

6    <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

7         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

8    claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

9    what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550

10   U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

11   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

12   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  <u>Wilhelm v. Rotman</u>,

13   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

14   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

15   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

16   speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

17   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

18   cognizable right of action."  <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright & Arthur

19   R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)).

20        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

21   relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting

22   <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

23   content that allows the court to draw the reasonable inference that the defendant is liable for the

24   misconduct alleged."  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).  In reviewing a complaint under this

25   standard, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg.</u>

26   <u>Co. v. Trs. of the Rex Hosp.</u>, 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

27   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

28   <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted).

## II. First Amended Complaint

The complaint appears to set forth three claims against defendants Lara, Mitchell, and Haynie: two Fourteenth Amendment due process claims, and an Eight Amendment failure to protect claim. ECF No. 10. Specifically, plaintiff alleges that Mitchell tampered with a rules violation report (RVR) for indecent exposure filed by Lara, to add false charges that the plaintiff was masturbating. Id. at 2-3. As a result of this altered version of the report, plaintiff was placed in administrative segregation by Haynie. Id. at 2. Haynie's failure to conduct sufficient review of the charges in the RVR before finding the plaintiff responsible for said indecent exposure and masturbation and placing him in administrative segregation further violated due process. Id. at 2, 5. Finally, plaintiff alleges that the defendants conduct put him at risk from other inmates because masturbating is considered "totally unexceptable [sic]." Id. at 4.

## III. Failure to State a Claim

### A. Falsifying Documents

Plaintiff's allegation that Mitchell violated his due process rights when he altered Lara's report with the addition of falsified charges fails to state a claim for relief. See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("[T]here are no procedural safeguards protecting a prisoner from false retaliatory accusations."). To the extent that the plaintiff alleges that defendants Lara and Haynie violated his rights by failing to investigate and correct said falsified report, he also fails to state a claim.

### B. Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). Rather, with respect to prison disciplinary proceedings that include the loss of good-time credits, an inmate must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (citation and internal quotation marks omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional

goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71.  In addition, due process requires that the disciplinary decision be supported by "some evidence."  Superintendent v. Hill, 472 U.S. 445, 455 (1985).  Plaintiff has not provided facts showing that he was denied any of the minimum protections guaranteed by Wolff, let alone that defendants were responsible for such denials.  Accordingly, to the extent plaintiff is attempting to allege due process violations in connection with his disciplinary proceedings, he fails to state a claim.

To the extent that plaintiff may be attempting to state a claim based upon his placement in administrative segregation, he also fails to state a claim.  When an inmate is placed in administrative segregation, the Constitution requires only that he be given "an informal, nonadversary review of the information supporting [his] administrative confinement, including whatever statement [he] wishe[s] to submit, within a reasonable time after confining him to administrative segregation."  Hewitt v. Helms, 459 U.S. 460, 472 (1983), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).  "An inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation.  Ordinarily a written statement by the inmate will accomplish this purpose . . . ."  Id. at 476.  There are no allegations demonstrating that any defendant failed to provide plaintiff these protections.

C.  Failure to Protect

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  Farmer v. Brennan, 511 U.S. 825, 833 (1994) (alteration in original) (citation omitted).  To establish a violation of this duty, the prisoner must show that he was "incarcerated under conditions posing a substantial risk of serious harm" and that the prison official knew of and was deliberately indifferent to this risk.  Id. at 834.

While the plaintiff alleges that charges of masturbation are unacceptable in prison and put him at risk of violence from other inmates, he fails to allege facts showing that information regarding his charges was provided to other inmates or that defendants were involved in disseminating information of the charges to other inmates.  To the extent plaintiff may be

4

attempting to claim that other officers spread word of his charges, he does not allege facts indicating that defendants were responsible for the conduct of those other officers or that they knew that other officers would purposely disseminate those charges. The complaint therefore fails to state a viable claim for failure to protect. See Farmer, 511 U.S. at 837 (Eighth Amendment failure to protect claim requires showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety.").

IV.     Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given one final opportunity to amend the complaint. If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a second amended complaint, neither the original complaint nor the first amended complaint serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff must use the complaint

////

form provided by the court to ensure that the defendants against whom the claims are alleged and the nature of those claims are clearly defined.

### V. Plain Language Summary of this Order for a Pro Se Litigant

Your complaint will not be served because the facts you alleged are not enough to state a claim. Falsifying an RVR does not violate your right to due process, and although you allege that defendants failed to investigate the charges sufficiently, you do not allege any facts showing that you were not provided the procedural protections required during your disciplinary hearing or when you were put in administrative segregation. As for your failure to protect claim, although you allege that the RVR puts you at risk of harm by other inmates, you fail to allege facts showing that any defendant was involved in spreading information to other inmates about the indecent exposure and masturbation charges against you, whether by disclosing your RVR directly to other inmates or any other means. Therefore, you do not allege any facts showing that defendants failed to protect you from violence from other inmates.

You may amend your complaint to try to fix these problems. Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights. You should also be sure to use the complaint form provided by the court to file your second amended complaint.

If you choose to file a second amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint or in the first amended complaint. **Any claims and information not in the second amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

2. Within thirty days from the date of service of this order, plaintiff may file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure

to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

    3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 13, 2023

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE