UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEMONTA MADDOX, | No. 2:22-cv-1545 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| Y. LARA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. The undersigned screened the first amended complaint and found that it did not state a claim for relief. ECF No. 11. Plaintiff was given an opportunity to file a second amended complaint and has now done so. ECF No. 12.

I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.   Factual Allegations of the Second Amended Complaint

The complaint alleges that defendants Lara, Mitchell, and Haynie violated plaintiff's rights under the Eighth and Fourteenth Amendments. ECF No. 12. Plaintiff alleges that Lara issued him a rules violation stating that he was exposing his genitals, which Mitchell later altered to falsely state that plaintiff was masturbating. Id. at 3-4. As a result of the additional, false allegation, plaintiff was placed in administrative segregation. Id. Haynie then signed off on the administrative segregation lock up order even though the two reports were not the same. Id. at 5.

III.   Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state any valid claims for relief against defendants Lara, Mitchell, and Haynie. As plaintiff was previously advised, the falsification of a disciplinary report does not violate due process. See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("[T]here are no procedural safeguards protecting a prisoner from false retaliatory accusations."). Plaintiff also fails to allege any facts showing that his placement in administrative segregation violated his due process rights, see Hewitt v. Helms, 459 U.S. 460, 472 (1983) (placement in administrative segregation requires notice of charges and opportunity for prisoner to present his views within a reasonable time after confinement), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995), or that the

conditions of his confinement in administrative segregation rose to the level of cruel and unusual punishment, see Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995) ("administrative segregation, even in a single cell for twenty-three hours a day, is within the terms of confinement ordinarily contemplated by a sentence").

### IV.  No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted. Plaintiff has already been given two opportunities to amend the complaint and advised what kind of information he needed to provide. Given the lack of additional facts provided by plaintiff, it does not appear that further amendment would result in a cognizable claim. As a result, leave to amend would be futile and the complaint should be dismissed without leave to amend.

### V.  Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed because the falsification of disciplinary charges does not state a claim for relief and you have not alleged any facts showing that you were denied due process when you were put in administrative segregation or that your conditions were cruel and unusual. It is being recommended that the dismissal be without leave to amend because you have not provided any new, specific facts regarding the alleged violations.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the second amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days

after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 13, 2025

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE